UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| Duininck, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>Deuel County, South Dakota,<br><br>    Defendant. | Case No. __24-1011_____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff Duininck, Inc. ("Duininck"), for its Complaint against Defendant Deuel County, South Dakota ("Deuel County"), states and alleges:

**PARTIES**

1. Duininck is a Minnesota corporation with its principal place of business at 408 6th Street, Prinsburg, Minnesota 56281. Duininck is in the business of providing roadwork, construction, engineering, and other construction services.

2. Defendant Deuel County is a municipality of the State of South Dakota with the capacity to sue and be sued in its name. SDCL § 9-12-1(1).

**JURISDICTION AND VENUE**

3. Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000 in value, exclusive of costs and interest.

4. Venue is proper in the United States District Court for the District of South Dakota under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in Deuel County, South Dakota.

1

# CLAIM

## I. Introduction.

5. On or around March 20, 2023, Duininck executed a construction contract (the "Contract") with Deuel County as the general contractor for a full depth reclamation, mill and overlay, minimal patching, and single-intersection reconstruction project on an approximately 16-mile haul road located at 172nd street, 175th street, and 482nd avenue in Deuel County, South Dakota (the "Project").

6. Deuel County engaged Banner Associates, Inc. ("Banner") to be the Engineer and representative for the County on the Project. Banner prepared the Project's plans, specifications, and other Contract documents. Banner also oversaw and administered the Project and operated as Deuel County's authorized representative on the Project.

7. Deuel County, as owner, was responsible for preparing the Contract documents, including those for full-depth reclamation work, and impliedly warranted the plans and specifications would be constructible if followed.

8. Deuel County's plans and specifications for the Project were riddled with errors and omissions that rendered them unworkable and/or unconstructible.

9. As discussed in more detail below, Duininck's work was fundamentally changed and disrupted by factors that were not its responsibility, beyond its control, and outside its knowledge at the time of the Project bid.

10. Those factors included significant issues with the subgrade of the existing road which changed the nature of the Project from a road restoration project into a reconstruction project.

11. As a result of the foregoing, Duininck's work was rendered far more expensive than planned and was significantly impeded and delayed. Notably, even though Duininck was delayed and impeded from completing its work, the entire Project was not delayed. Duininck timely completed its work despite numerous costly inefficiencies caused by Deuel County's faulty plans and specifications.

**II.     The Project.**

12. On or about February 16, 2023, Deuel County provided the designs and specifications for the Project to potential bidders.

13. By providing the plans and specifications, Deuel County bore the ultimate responsibility for ensuring the provided design documents were accurate, adequate, and suitable, and impliedly warranted the accuracy, adequacy, and suitability of the design for the Project.

14. The Contract, plans, and specifications included itemized unit prices, under which a contractor is paid at contract unit prices for the actual quantity of each line item performed as measured in the field during construction.

15. Duininck was the low responsive and responsible bidder for the Project.

16. Deuel County entered into the Contract with Duininck for a Contract Price of $4,650,000.00, which includes additional overrun quantities that were added and agreed to by Deuel County and Duininck.

17. On May 1, 2023, Duininck began construction with full depth reclamation work on 175th street, working from west to east, and proceeded to 172nd street and 482nd avenue.

18. On or about May 16, 2023, Duininck began paving operations on the north end of 482nd street.

19. Immediately upon beginning the paving process on 482nd street, Duininck recognized the slope of the road was materially different than what was represented in the Project's plans, specifications, and other Contract documents.

20. Duininck discussed the slope issue with Banner, which agreed to perform road reshaping before paving operations.

21. While discussing the slope issue with Banner, and in order to timely complete the Project, Duininck began patching work for 482nd avenue to allow its subcontractor to shape the road and finish reconstructing the intersection.

22. While Duininck's subcontractor was constructing the intersection, 172nd street showed signs of subgrade failure.

23. Duininck accordingly met Banner's engineer and inspector onsite to review and discuss the subgrade issue.

24. Immediately thereafter, Duininck began digout work on the two locations on 172nd street.

25. Duininck and Banner did not detect any defects in the bottom lift of the asphalt while paving the remaining sections of 172nd street. Accordingly, Duininck proceeded with paving the upper-layer wearing course on 172nd street.

26. During the wearing course work, the bottom lift on 172nd street began to fail.

27. The bottom lift failure caused Duininck to cease work on 172nd street until a resolution could be discussed with Banner.

28. After ceasing operations on 172nd street, Duininck began paving operations on 175th street.

29. Duininck's initial plan was to pave 175th street from west to east. The failure on 172nd street, however, forced Duininck to reverse its operation in order to not drive loaded trucks on the newly-paved road and to avoid additional subgrade failures. Duininck's reversed paving procedure caused Duininck to incur substantial delay and inefficiency costs.

30. Despite its precautions, Duininck's paving operations revealed a substantial number of subgrade failures on 175th street.

31. The inefficiencies and wide-spread subgrade failures caused Duininck to cease paving operations entirely.

32. After Duininck ceased operations, Banner called an emergency meeting with the commissioners of Deuel County and Duininck to discuss the subgrade issues.

33. At the emergency meeting, and in order to reach an amicable resolution, Duininck agreed to visit the site with Banner to assess and identify issues with the subgrade.

34. At the meeting, Duininck and Banner informed Deuel County that they would only be able to assess issues that were currently identifiable, and that future issues with the subgrade were likely to arise.

35. After the meeting, Duininck and Banner examined the worksite for approximately ten (10) hours to assess the subgrade issues.

36. After assessing the Project, Banner instructed Duininck to perform digout work on all identifiable areas with subgrade issues, which is a significantly more involved and costly than the initial reclamation process outlined in the Project's plans and specifications.

37. During both the emergency meeting and the site visit, Banner and the Deuel County commissioner guaranteed Duininck that it would be compensated for all costs arising from the additional work.

38. Duininck accordingly began digout work on June 2, 2023.

39. Duininck was forced to cease paving operations until June 7th, 2023, due to the extra digout work.

40. On June 7th, 2023, Duininck resumed paving operations on a 3-mile stretch of road where digout work had been completed.

41. On June 8th, 2023, two additional subgrade failure areas were identified in the bottom lift of asphalt that was paved on June 7th, 2023.

42. Duininck again ceased operations, knowing the road would require additional digout work.

43. The subgrade issues persisted throughout the Project, requiring substantial digout work and causing Duininck to incur significant additional costs due to rampant inefficiencies caused by the misrepresentations in the Project's plans, specifications and other Contract documents.

44. The Project's plans and specifications estimated approximately 2,700 cubic yards of "unclassified excavation, digouts."

45. By the end of the Project, Duininck was required to perform in excess of 12,500 cubic yards of digout work.

46. Duininck was also required to remove asphalt and perform digout work on numerous areas where Duininck had already performed restoration work.

47. Despite its assurances, Deuel County failed to pay Duininck for all work performed and quantities installed as required by the Contract documents including, but not limited to: removal of asphalt concrete pavement; asphalt concrete used for patching, digouts, repair work, inefficiencies, punch list work, and additional mobilizations.

48. Specifically, the digout work caused significant inefficiencies in Duininck's work. Among other things, Duininck was forced to:

    a. Change haul roads;

    b. Change the direction of paving operations;

    c. Lighten the loads each truck was hauling to the Project;

    d. Change the type of trucks used while paving the base course;

    e. Slow the speed of its trucks while within the Project limits;

    f. Minimize turnaround locations requiring trucks to back up to the paver at substantial distances;

    g. Perform digouts directly ahead of paving operations; and

    h. Use a blade run ahead of the paving crew.

49. Banner and Deuel County guaranteed Duininck that it would be compensated for the additional digouts, repair work, and inefficiencies caused by the wide-spread subgrade failures.

50. To date, Deuel County has failed to compensate Duininck for the additional digouts, repair work, and inefficiencies caused by the subgrade failures that were not in the control or knowledge of Duininck when the Project was bid.

## **COUNT I – BREACH OF CONTRACT**

51. The other paragraphs of this Complaint are incorporated herein by reference.

52. Defendant expressly and impliedly guaranteed Duininck that it would be justly compensated for its work under the Contract.

53. Defendant has breached its obligations to Duininck under the Contract by wrongfully denying Duininck's entitlement to additional compensation.

54. Defendant has also breached its obligations to Duininck under the Contract by failing or refusing to pay unit Contract amounts when due.

55. Duininck performed its work on the Project as required and has satisfied any conditions precedent to the commencement of this action.

56. Defendant breached the Contract by, among other things, failing and/or refusing to pay Duininck as required for all work, including work above the Contract's estimated quantities.

57. As a direct and proximate result of the above-stated breaches, Duininck was damaged in an amount in excess of $75,000.00 plus interest, costs, and attorneys' fees.

## **COUNT II – BREACH OF IMPLIED WARRANTIES**

58. The other paragraphs of this Complaint are incorporated herein by reference.

59. Defendant provided an implied warranty to Duininck that the plans and specifications it provided for the Project were accurate, suitable, adequate for their intended use, and constructible. *See e.g.*, *Border States Paving, Inc. v. State*, 574 N.W.2d 898, 903 (S.D. 1998).

60. By making the plans, specifications, and other bidding documents available to Duininck and other contractors and subcontractors, Defendant promised, warranted, and represented that, among other things:

  a. the plans, specifications, and other contract documents were fit and suitable for their intended purposes;

  b. the information and representations contained in the plans, specifications, and other contract documents were complete and accurate;

  c. the work described in the plans, specifications, and other contract documents, including the quantities of work and types of work, could be performed as indicated using ordinary, economically practicable, and customary construction means, methods, and techniques in the time allocated in the Contract;

8

      d.    Defendant or those for whom it is responsible would not cause the performance of work on the Project to become more costly, time-consuming, or difficult than indicated in the plans, specifications, and other contract documents;

      e.    Defendant or those for whom it is responsible would fairly and reasonably administer the Contract and not engage in harsh or overreaching practices; and

      f.    Defendant would compensate Duininck for all work reasonably necessary to complete the Project in accordance with the plans and specifications.

61. Duininck and its subcontractors relied on the foregoing warranties and representations, individually and collectively, in preparing and submitting bids for the Project and in entering into contracts for the performance of the Project.

62. In a series of emails, meetings, and memos throughout the Project, Deuel County and Banner conceded that the amount of work represented in the Project's plans and specifications was insufficient for the Project and that Duininck would be compensated for the specific items of work to reflect Duininck's additional work and the inefficiencies caused by the discrepancies.

63. Defendant breached one or more of the above implied and/or express warranties. Among other things, Defendant has failed and/or refused to pay Duininck for all work and inefficiencies caused and reasonably necessary to complete the Project in accordance with and/or in excess of the plans and specifications.

64. As a direct and proximate result of the above-references inaccuracies and inadequacies in the Project's plans and specifications, Duininck was harmed and is entitled to recover damages in an amount to be proved at trial.

65. As a direct and proximate result of Defendant's breaches of warranty, Duininck was damaged in an amount in excess of $75,000.00 plus interest, costs, and attorneys' fees.

## COUNT III – QUANTUM MERUIT/UNJUST ENRICHMENT/QUASI CONTRACT

66. The other paragraphs of this Complaint are incorporated herein by reference.

67. Duininck furnished and provided labor and materials for roadwork in connection with the Project.

68. Defendant was aware that Duininck was furnishing such labor and materials for the Project.

69. Duininck had a reasonable expectation of receiving reasonable compensation for such labor and materials.

70. Defendant has failed and/or refused to reasonably compensate Duininck for its labor and materials.

71. Defendant would be unjustly enriched and Duininck unjustly impoverished if Defendant were allowed to keep the benefit of Duininck's labor and materials without compensating Duininck.

72. Duininck is entitled to payment from Defendant for the reasonable value of its labor and materials in an amount in excess of $75,000.00.

## COUNT IV – IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

73. The other paragraphs of this Complaint are incorporated herein by reference.

74. The Project Contract required Defendant to act in good faith towards Duininck and to deal fairly with Duininck when it performed the terms of the Contract.

75. Defendant breached the implied duty of good faith and fair dealing in that it failed to cooperate with, and actively interfered with, Duininck's work.

76. Defendant breached the implied duty of good faith and fair dealing in that it failed to deal with Duininck honestly, fairly, and in good faith and deprived Duininck's right to receive benefits it was owed under the Contract.

77. As a direct and proximate result of the above-stated breaches, Duininck suffered and is entitled to recover costs incurred as a result of the Defendant's breaches of the implied duty of good faith and fair dealing in an amount to be proved at trial.

## COUNT V – PROMPT PAYMENT

78. The other paragraphs of this Complaint are incorporated herein by reference.

79. Defendant has failed to timely pay amounts due to Duininck under the Contract.

80. Pursuant to SDCL § 5-26 *et seq.*, Duininck is entitled to interest at the rate of 10% per year for all amounts not paid when due under the Contract.

## JURY DEMAND

81. Duininck hereby requests a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Duininck respectfully requests the following judgment against Defendant:

1. Awarding Duininck damages in an amount exceeding $75,000.00, the exact amount to be determined with specificity at trial;

2. Awarding Duininck its expenses, costs, and attorneys' fees;

3. Awarding Duininck its applicable pre-judgment and post-judgment interest; and

4. For such further relief to which Duininck is entitled as a matter of law, equity, or justice or as the Court deems just and proper.

Dated May 7, 2024.

          By:    /s/ *Anna Limoges*
                  Anna Limoges
                  Halbach|Szwarc Law Firm
                  108 S. Grange Ave.
                  Sioux Falls, SD 57104
                  P: (605) 910-7635
                  alimoges@halbachlawfirm.com

                  Kyle E. Hart (#159025)
                  *pro hac vice forthcoming*
                  Christian D. Poppe (#0393010)
                  *pro hac vice forthcoming*
                  Fabyanske, Westra, Hart & Thomson, P.A.
                  80 South Eighth Street, Suite 1900
                  Minneapolis, MN  55402
                  P:  (612) 359-7600
                  khart@fwhtlaw.com
                  cpoppe@fwhtlaw.com

                  *Attorneys for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Duininck, Inc.

### DEFENDANTS
Deuel County, South Dakota

**(b)** County of Residence of First Listed Plaintiff: Kandiyohi, MN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Deuel, SD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anna Limoges, Halbach|Szwarc Law Firm, 108 S. Grange Ave., Sioux Falls, SD 57108, (605) 910-7635, alimoges@halbachlawfirm.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Failure to pay for work completed.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75,000+

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: May 7, 2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____